UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANETIRONY CLERVRAIN,

    Plaintiff,

v.

GRETCHEN WHITMER,

    Defendant,

_____/

Civil Action No.
2:20-cv-13431

HON. MARK A. GOLDSMITH

**<u>OPINION & ORDER</u>**
**<u>SUMMARILY DISMISSING WITHOUT PREJUDICE THE COMPLAINT</u>**

Manetirony Clervrain, ("Plaintiff"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. At the time he filed the petition, Plaintiff was incarcerated at the Moore Detention Center in Okmulgee, Oklahoma. On January 28, 2021, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff either to pay the $350.00 filing fee in full, plus the $52.00 administrative fee, or, in the alternative, to submit an application to proceed without prepayment of fees and costs and an authorization to withdraw from the trust fund account, and a current certification/business manager's account and a statement of trust fund account (or the institutional equivalent) for the six-month period that preceded the filing of the complaint. 1/28/21 Order (Dkt. 4). The order was mailed to Plaintiff at the Moore Detention Center and was subsequently returned as undeliverable. See Copy of Order (Dkt. 5). For the reasons that follow, the complaint is summarily dismissed without prejudice.

Under the Local Rules, the Court may dismiss a case based on a plaintiff's failure to keep the Court apprised of address changes:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and

1

>telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2.

This Court may also dismiss a civil action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Plaintiff had a duty to provide the Court with his current address or risk dismissal. See Watsy v. Richards, 816 F.2d 683 (Table) (6th Cir. 1987). Pro se litigants have the same obligation as an attorney to notify the court of a change of address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." Thompkins v. Metrish, No. 2:07–CV–12, 2009 WL 2595604, at *1 n.1 (W.D. Mich. Aug. 20, 2009) (quoting Kelly v. Wal-Mart, Inc., No. 7:07–CV–0089, 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007)).

Plaintiff has not provided the Court with his current address or contact information. The Court will, therefore, dismiss the case without prejudice for want of prosecution because Plaintiff failed to notify this Court of any address changes. See, e.g., Alam v. Carvajal, No. 5:20-CV-11407, 2020 WL 4583837, at *2 (E.D. Mich. Aug. 10, 2020) (dismissing complaint for want of prosecution based upon failure to provide current address); Brown v. White, No. 2:09-CV-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (same); Rollins v. Superior Court of Los Angeles, 706 F. Supp. 2d 1008, 1013-1014 (C.D. Cal. 2010) (same).

A district court has the option of the less drastic sanction of dismissing a case without prejudice for want of prosecution under Rule 41(b). See, e.g., White v. City of Grand Rapids, 34

F. App'x. 210, 211 (6th Cir. 2002); Hill v. Gen. Motors Corp, 897 F.2d 529 (Table) (6th Cir. 1990). Here, however, the Court is prevented from contacting Plaintiff to threaten him with a lesser sanction, as an order to show cause "would only find itself taking a round trip tour through the United States mail." See Carey, 856 F.2d at 1441. Because Plaintiff is acting pro se, the Court chooses to dismiss the complaint without prejudice.

The Court summarily dismisses the complaint without prejudice. The Court also concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

SO ORDERED.

Dated: March 2, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2021.

s/Karri Sandusky
Case Manager